

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 14, 1939

Dr. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. 0-201
Re: Whether it be legal for directors of
public health districts to insure state
property against fire in their respec-
tive offices and pay for same out of
their local contingent funds?

Your request for an opinion as to whether it is legal
for directors of public health districts to insure state pro-
perty against fire in their respective offices and pay the same
out of their local contingent funds, has been received by this
office.

Our attention has been directed to the Senate Con-
current Resolution No. 5, passed in the Second Called Session
of the 57th Legislature. This resolution reads, in part, as
follows:

"Resolved by the Senate of the State of Texas,
the House of Representatives concurring herein, that
hereafter it shall be and is the fixed policy of this
State and the State shall carry its own insurance upon
State buildings and contents, and that no insurance
policies shall be taken out upon any of the public
buildings and contents, and that no insurance policies
shall be taken out upon any of the public buildings of
this State, nor upon the contents thereof, and the State
Board of Control and all other boards having charge of
buildings of the State, and the contents of such
buildings, are hereby instructed not to have such
buildings nor property insured, notwithstanding there
may be items in the appropriation bills authorizing

Dr. Geo. W. Cox, February 14, 1939, Page 2

the expenditures of money for the payment of insurance premiums.

Provided, that it is declared to be the policy of the State hereafter at the end of each two-year period to set aside approximately one percent of the value of all public buildings owned by the State as a sinking fund until ten per cent of the total value of all such buildings has been accumulated, and that this sinking fund shall be invested in the school districts of this State."

While this resolution does not have the effect of a general law, yet it does have the effect of a law upon the particular subject resolved upon in the resolution so long as that particular thing or condition exists or until such resolution is otherwise revoked by the Legislature.

We think a premium on a fire insurance policy is a fixed and expected item of expense. In the second paragraph of the resolution quoted above we find that the Legislature recognized that insurance is a matter in respect to which the cost must be "set aside" by the Legislature. We are obliged to abide by the desire of our legislature expressed in their resolution. In our opinion your district directors have no authority to pay insurance premiums from your local contingent funds.

This opinion overrules the opinion of the Honorable W. W. Caves, written October 5, 1921, and found in Book 56, Page 242, Opinion 2392 and all subsequent concurring opinions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Morris Hodges*

Morris Hodges
Assistant

MH:ob

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS